Ramirez v 2500 Webb LLC

2026 NY Slip Op 02615

April 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Moises Ramirez, Appellant,

v

2500 Webb LLC, Respondent, Rennon Construction Corp., Defendant.

Decided and Entered: April 28, 2026

Index No. 813626/21|Appeal No. 6477|Case No. 2025-04978|

Before: Webber, J.P., Mendez, Rodriguez, O'Neill Levy, Michael, JJ.

Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for appellant.

Ahmuty Demers & McManus LLP, Albertson (Nicholas P. Calabria of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Erik L. Gray, J.), entered on or about May 30, 2025, which denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, unanimously affirmed, without costs.

There are triable issues concerning whether plaintiff was injured by an object that was the target of disassembly (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 11 [2011]). Plaintiff testified that, while disassembling a sidewalk bridge, he was injured by a horizontal pipe that fell while a coworker disconnected it from a vertical post. However, in his workers' compensation claim form, plaintiff identified a "[v]ertical support pipe" as the object that struck him, and in his deposition testimony he expressed confusion between the words "vertical" and "horizontal." This inconsistency raised a triable issue as to the identity of the object that struck him. Moreover, if the object was a vertical pipe or post, a further issue of fact exists as to whether it was a target of disassembly at the time of plaintiff's accident (see Abad v Brookfield Props. OLP Co. LLC, 190 AD3d 471, 471 [1st Dept 2021]). In addition, there are factual issues regarding whether there was a safety device that would have prevented the accident (see Palermo v 7 W. 21 LLC, 192 AD3d 560, 561 [1st Dept 2021]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 28, 2026